1  MᴄGREGOR W. SCOTT
United States Attorney
2  ROGER YANG
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900
5
Attorneys for Plaintiff
6  United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | CASE NO.  2:15-00192 MCE |

12 |                    Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |

13 |               v. | |

14 | RICHARD PHUNG, SU QING LI | DATE: January 14, 2021 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |

15 |                    Defendants. | |

16

17        This case is set for status on January 14, 2021.  On May 13, 2020, this Court issued General

18  Order 618, which suspends all jury trials in the Eastern District of California "until further notice."

19  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.

20  § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

21  emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

22  2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

23  entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27

28  _____
          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT                    1

1  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5  findings on the record "either orally or in writing").

6       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14       The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24       In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

27  _____

28       [2] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
Cal. March 18, 2020).

1    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2    pretrial continuance must be "specifically limited in time").

3                                              **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5    through defendant's counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for status on January 14, 2021.

7          2.      By this stipulation, defendants now move to continue the status conference until April 15,

8    2021, and to exclude time between January 14, 2021, and April 15, 2021, under 18 U.S.C.

9    § 3161(h)(7)(A), B(iv) [Local Code T4].

10         3.      The parties agree and stipulate, and request that the Court find the following:

11              a)      The government has represented that the discovery associated with this case

12         includes multiple digital devices, thousands of pages of reports and photos of various locations.

13         All of this discovery has been either produced directly to counsel and/or made available for

14         inspection and copying.

15              b)      Counsel for defendants desire additional time to investigate matters relevant to

16         sentencing.

17              c)      Counsel for defendants believes that failure to grant the above-requested

18         continuance would deny them the reasonable time necessary for effective preparation, taking into

19         account the exercise of due diligence.

20              d)      The government does not object to the continuance.

21              e)      In addition to the public health concerns cited by the General Orders and

22         declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

23         ends-of-justice delay is particularly apt in this case because it has been difficult to arrange the in-

24         person review of the devices, and follow-up on the evidence because of COVID related social

25         distancing issues and access to spaces that can accommodate the review.  In addition, counsel for

26         Su Qing Li has a medical issue that will make him unavailable for some time.  Therefore, a

27         continuance to April 2021 is appropriate to ensure continuity of counsel.

28              f)      Based on the above-stated findings, the ends of justice served by continuing the

STIPULATION REGARDING EXCLUDABLE TIME          3
PERIODS UNDER SPEEDY TRIAL ACT

1    case as requested outweigh the interest of the public and the defendant in a trial within the

2    original date prescribed by the Speedy Trial Act.

3              g)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4    et seq., within which trial must commence, the time period of January 14, 2021 to April 15,

5    2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

6    T4] because it results from a continuance granted by the Court at defendant's request on the basis

7    of the Court's finding that the ends of justice served by taking such action outweigh the best

8    interest of the public and the defendant in a speedy trial.

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4        IT IS SO STIPULATED.

5

6

7 Dated:  January 8, 2021                    McGREGOR W. SCOTT
                                            United States Attorney

8

9                                            /s/ ROGER YANG
                                            ROGER YANG
10                                           Assistant United States Attorney

11

12 Dated:  January 8, 2021                    /s/   Dina L. Santos
                                            DINA L. SANTOS, ESQ.
13                                           Attorney for RICHARD PHUNG

14

   Dated:  January 8, 2021                    /s/   Mark Jeffery Rosenblum
15                                           MARK JEFFERY ROSENBLUM, ESQ.
                                            Attorney for SU QING LI
16

17

18                         **ORDER**

19        IT IS SO ORDERED.

20 Dated:  January 22, 2021

21

22 MORRISON C. ENGLAND, JR.
   SENIOR UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          5
PERIODS UNDER SPEEDY TRIAL ACT